**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JIMMY L. WILEY,

    Petitioner,

v.                                            CASE NO. 8:02-CV-1210-T-30MAP

JAMES V. CROSBY, JR.[1], et al.,

    Respondents.
_____/

# **O R D E R**

This cause came on to be considered upon the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, *pro se* (Dkt. 1). Respondent filed a response to the petition (Dkt. 13), and Petitioner has filed a reply thereto (Dkt. 14). Having carefully reviewed the record, the parties' arguments, applicable statutes, and controlling case law, the Court finds as follows:

### **Background**

Petitioner was convicted following a jury trial in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, of two counts of delivery of cocaine and two counts of possession of cocaine. Petitioner was sentenced on March 15, 1999, to eight years in state prison, with a designation as a habitual felony offender. Dkt. 11, Ex. 8, Vol. VI at 337-55.

---

[1] James V. Crosby, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

On direct appeal, Petitioner alleged that the trial court erred by denying his motion to proceed *pro se* with co-counsel, denying his motion to use the affirmative defense of entrapment, denying his motion to dismiss based on a violation of his constitutional due process rights, and designating him a habitual felony offender.  On March 7, 2001, the appellate court affirmed Petitioner's conviction but remanded for correction of a scrivener's error in the sentence.  Dkt. 10, Ex. 5.  *Wiley v. State*, 788 So. 2d 1018 (table decision). Petitioner filed a motion for rehearing which was denied on April 27, 2001.  Dkt. 10, Ex. 6. The mandate was filed on June 7, 2001.  Dkt. 10, Ex. 7.

On May 23, 2001, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court.  Dkt. 10, Ex. 9.  On October 3, 2001, the Florida Supreme Court transferred the petition to the trial court as a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850.  Dkt. 10, Ex. 11.  In his motion, Petitioner raised a claim of entrapment under state law and a violation of his Fourteenth Amendment due process rights.  Dkt. 10, Ex. 9 at 4-5. On November 14, 2001, the trial court evaluated the petition and denied relief, finding that entrapment is not a proper grounds for either post conviction or habeas corpus relief.  Dkt. 10, Ex. 12.  Without written opinion, the appellate court affirmed the trial court ruling denying the motion on March 20, 2002.  Dkt. 10, Ex. 14.  *Wiley v. State*, 816 So. 2d 626 (Fla. 2d DCA 2002) (table decision).  The mandate was filed on April 23, 2002.  Dkt. 10, Ex. 16. On April 24, 2002, the Florida Supreme Court denied without written opinion Petitioner's motion to resubmit, which it treated as a petition for writ of habeas corpus.  Dkt. 10, Ex. 17, 19.  *Wiley v. State*, 819 So. 2d 142 (Fla. 2002).

On July 8, 2002, Petitioner initiated this action by filing a federal habeas petition asserting entrapment as a ground for relief. Respondent contends that the petition should be denied because Petitioner fails to meet the criteria for relief under 28 U.S.C. § 2254(d).

**Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. 104-132, 110 Stat. 1214, establishes the standard of review for federal courts to use when reviewing the decisions of state courts under 28 U.S.C. § 2254. The Act became effective on the date it was signed into law, April 24, 1996. *See Felker v. Turpin*, 518 U.S. 650 (1996); *Hunter v. United States*, 101 F.3d 1565, 1568 (11th Cir. 1996) (en banc). Pursuant to § 2254(d):

> (d) An application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254. The Supreme Court analyzed the application of this standard of review in *Williams v. Taylor,* 529 U.S. 362, 412 (2000).[2]

In *Williams*, the Supreme Court held that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id.* First, the federal court evaluating a habeas petition under § 2254(d)(1) must determine the applicable "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This law can be found in "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. Further, any precedent or legal rule that would qualify as an old rule under the analysis of *Teague v. Lane*[3] also constitutes clearly established federal law under § 2254(d)(1). *Williams*, 529 U.S. at 412. However, the source of clearly established law is restricted to the jurisprudence of the United States Supreme Court. *Id.*

Next, the court must determine whether one of the two conditions set forth in § 2254(d) applies.[4] A state court decision is "contrary to" clearly established federal law if the

---

[2] The interpretation of amended §2254(d) was decided in Part II of *Williams* and the Court quotes from Justice O'Connor's opinion.

[3] Under *Teague*, a federal court evaluating a habeas petitioner's claim that he should have had the benefit of a rule of constitutional law must "survey the legal landscape" to determine whether the rule is "new." A rule is not "new" if the state court considering the habeas petitioner's claim would have felt compelled by existing precedent to conclude that the rule petitioner seeks was required by the Constitution. *Teague v. Lane*, 489 U.S. 288, 301 (1989).

[4] "Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) 'was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States.'" *Williams*, 529 U.S. at 412 (citation omitted).

state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decided a case differently than a case decided by the Supreme Court on materially indistinguishable facts. *Id.* A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of a prisoner's case. *Id.* The determination of unreasonableness is an objective one and the federal court may not issue a writ of habeas corpus simply because it concludes, in its independent judgment, that the state court decision was erroneous or incorrect. *Id.* at 410-11.

Two principal standards control this Court's review of Petitioner's habeas petition. First, under § 2254(e), the state court's determinations of factual issues are presumed correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. Second, under § 2254(d), claims decided on the merits by the state court cannot be the basis for habeas relief unless the state court ruling does not survive a *Williams* analysis.

**Discussion**

Pursuant to the provisions of 28 U.S.C. § 2254(a), a federal court is authorized to grant relief to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *Wainwright v. Goode*, 464 U.S. 78 (1983). Issues of pure state law are not cognizable in a federal habeas corpus action. *Carrizales v. Wainwright*, 699 F.2d 1053, 1045-55 (11th Cir. 1983).

From the face of the record, it is clear that Petitioner raised this claim in state court in terms of state law only. Petitioner did not allege that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The limitation on federal habeas review is equally applicable when a petition involving only state law issues is "couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Respondent correctly argues that Petitioner should be denied habeas relief on the ground of entrapment, as the same claim was determined to be procedurally barred by the state courts when raised in Petitioner's Rule 3.850 motion. Dkt. 13 at 6-7.

Petitioner's allegation of entrapment is identical to the claim he presented to the trial court on direct appeal and in his Rule 3.850 motion. In its order denying the motion, the trial court stated:

> Issues that can be raised on direct appeal are generally inappropriate for habeas corpus. Likewise, entrapment is a not a proper grounds for a post conviction relief motion. The reason for this is the threat to the fair and efficient administration of justice that results from allowing defenses that are intended for direct appeal to linger on for years after sentencing. For this Court to entertain Defendant's motion on the merits would contribute to blurring the roles of direct appeals and post conviction relief motions, which diminishes the effectiveness and efficiency of both.

Dkt. 10, Ex. 12 (citations omitted). Because the claim was thus adjudicated as procedurally barred, the appellate court's unwritten opinion affirming the trial court is also considered to be based on procedural grounds. Dkt. 10, Ex. 14. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim,

later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

Because the claim is procedurally defaulted in state court, federal habeas review is barred unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation or that failure to consider the claim will result in a fundamental miscarriage of justice. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner has not even attempted to excuse the default in this instance.

Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addressing the effect in federal court of a finding by the state court of procedural default of a claim for post-conviction relief, the Eleventh Circuit has held that:

> To obtain a writ of habeas corpus under §§ 2254, a petitioner must not have procedurally defaulted his federal claims in the state courts. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 82-85, 97 S.Ct. 2497, 2504-06, 53 L.Ed.2d 594 (1977). "Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Johnson v. Singletary,* 938 F.2d 1166, 1173 (11th Cir.1991) (en banc) (citing *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989)).
>
> The Alabama Court of Criminal Appeals, considering [petitioner]'s appeal from the denial of his state post-conviction petition expressly found that [petitioner]'s sufficiency of the evidence challenge was procedurally barred as a matter of Alabama law to the extent it "could have been but was not raised on [direct] appeal." *Johnson v. State,* 612 So.2d at 1292. The district court found that the particular insufficiency of the evidence claim asserted by [petitioner] in this proceeding could have been, but was not, raised on direct appeal, and therefore, by virtue of the Alabama Court of Criminal Appeals's decision, is procedurally barred from federal court review. We agree. *See*

>  *Chandler v. Moore,* 240 F.3d 907, 912 (11th Cir.2001); *Singletary,* 938 F.2d at 1173.

*Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001). *See also Lambrix v. Singletary,* 520 U.S. 518, 524 (1997) (holding that "[a] State's procedural rules are of vital importance to the orderly administration of its criminal courts; when a federal court permits them to be readily evaded, it undermines the criminal justice system."). Petitioner has not shown either cause or prejudice that would excuse the default. Neither has Petitioner alleged the applicability of the actually innocent exception. Having reviewed the record, the Court finds that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.

Moreover, since the alleged errors concern matters of state law only, they are not cognizable in this federal proceeding. Generally, a federal court will not grant relief unless the prisoner is in custody in violation of a fundamental federal law which results in a miscarriage of justice. Claims raising purely state law issues, even those cast as federal matters, are not cognizable under 28 U.S.C. § 2254. *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993). Errors which do not infringe upon a defendant's constitutional rights are not a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62 (1991).

Finally, even if the issue were properly before this Court, Petitioner would not be entitled to relief. As grounds for his petition for federal habeas relief, Petitioner alleges that he was entrapped. The Respondent correctly states in its brief that the entrapment defense is of limited nature. *See Hampton v. United States*, 425 U.S. 484, 489 (1976). In reviewing

a conviction for the manufacture of illegal drugs, the Supreme Court expressly declined to raise entrapment to a constitutional violation of a defendant's due process rights. *United States v. Russell*, 411 U.S. 423, 431-32 (1973).  While the Court in *Russell* left open the possibility that law enforcement conduct could be so outrageous as to raise entrapment to a constitutional level, no Supreme Court case has yet held that entrapment has a constitutional dimension.  *See Russell*, 411 U.S. at 431-32; *see also Hampton*, 425 U.S. at 489 (emphasizing, as in *Russell*, that law enforcement did not violate any of the petitioner's constitutional rights in an illegal drug distribution context).  Applying *Russell*, the Fifth Circuit[5] held that entrapment "is not a constitutional doctrine[; r]ather it is a court-created limitation on governmental activity." *Ainsworth v. Reed*, 542 F.2d 243, 244 (5th Cir. 1976). In *Ainsworth*, the petitioner was convicted of selling a controlled substance to a police informant. *Id.* at 244.  The Fifth Circuit denied a writ of habeas corpus on entrapment grounds, finding that entrapment was not a constitutional claim. *Id.* at 245.  Similarly, Petitioner's claim in this case has no constitutional dimension.

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief on the ground of entrapment.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief on the ground of entrapment.

---

[5]Prior to 1981, the Fifth Circuit encompassed all of the districts now comprising the Eleventh Circuit. When the Eleventh Circuit was organized in 1981, it adopted all opinions decided by the Fifth Circuit as of that date. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207-08 (11th Cir. 1981).

**ACCORDINGLY**, it is **ORDERED** that:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copies furnished to:
All Counsel/Parties of Record